## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## CIVIL DIVISION
### (Northern Division)

| | | |
|---|---|---|
| CHARLENA STEWART | ) | |
| 200 N. Meridian Road | ) | |
| Apt. 260 | ) | |
| Tallahassee, FL 32303 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:_____ |
| | ) | |
| JUST ON TIME FREIGHT SYSTEM INC. | ) | |
| 80 Summerlea Road | ) | |
| Brampton, ON L6T 4X3 | ) | |
| | ) | |
| **Serve:** | ) | |
| Process Agent Service Company, Inc. | ) | |
| c/o Dixie Newhouse | ) | |
| 13120 Ingram Drive | ) | |
| Smithsburg, MD 21783 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SHAWN M. LEGARE | ) | |
| 5328 W. Girard Ave. | ) | |
| Philadelphia, PA 19131 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GREYHOUND LINES, INC. | ) | |
| 305 N. St. Paul Street | ) | |
| Suite 700 | ) | |
| Dallas, TX 75201 | ) | |
| | ) | |
| **Serve**: | ) | |
| THE CORPORATION TRUST, INC. | ) | |
| 2405 York Road | ) | |
| Suite 210 | ) | |
| Timonium, MD 21093 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Charlena Stewart, by and through her attorneys, Arren T. Waldrep, Nicholas J.N. Stamatis, and Price Benowitz, LLP, and hereby files this Complaint against Defendants, Just on Time Freight System Inc., Shawn M. Legare, and Greyhound Lines, Inc., and states as follows:

## PARTIES

1.    Plaintiff Charlena Stewart ("Stewart") is an adult resident of the State of Florida, residing at 200 N. Meridian Rd., apt. 260, Tallahassee, FL 32303.

2.    Defendant Just on Time Freight System Inc. ("JOT") is a foreign corporation that was formed under the laws of Canada and which does business in Maryland. Defendant JOT is registered with the United States Department of Transportation and has a principal place of business located at 80 Summerlea Road, Brampton, ON L6T 4X3. At all times relevant hereto, John Doe 1 was acting as the actual and/or apparent agent, servant, and/or employee of Defendant JOT, and was acting within the course and scope of his agency with Defendant JOT, at the order and direction of Defendant JOT, and was carrying out his affairs for the benefit of Defendant JOT.

3.    Defendant Shawn M. Legare ("Legare") is an adult resident of the Commonwealth of Pennsylvania, residing at 5328 W. Girard Ave., Philadelphia, PA 19131.

4.    Defendant Greyhound Lines, Inc. ("Greyhound") is a corporation that was formed under the laws of the State of Texas and which does business in Maryland. Defendant Greyhound is registered with the State of Maryland State Department of Assessments and Taxation and maintains its principal office at 305 N. St. Paul St., Suite 700, Dallas, TX 75201. At all times relevant hereto, Defendant Legare was acting as the actual and/or apparent agent, servant, and/or employee of Defendant Greyhound, and was acting within the course and scope of her agency with

2

Defendant Greyhound, at the order and direction of Defendant Greyhound, and was carrying out her affairs for the benefit of Defendant Greyhound.

## JURISDICTION AND VENUE

5.      This matter arises out of a motor vehicle collision that occurred on May 23, 2019, at approximately 3:26 p.m. on southbound I-95 in lane number 3 at mile marker 101.4, in Cecil County, Maryland.

6.      As the aforementioned cause of action arose in Cecil County, Maryland, pursuant to 28 U.S.C. § 1391(b)(2), the Federal District Court for the District of Maryland, Northern Division, is the proper venue.

7.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as Plaintiff is seeking damages in excess of $75,000 and there is complete diversity of citizenship between the Parties.

8.      Plaintiff Stewart hereby demands a jury trial on the allegations below.

## FACTUAL BACKGROUND

9.      On May 23, 2019, at approximately 3:26 p.m., Plaintiff Stewart was a passenger on a Greyhound bus, owned by Defendant Greyhound, and operated by Defendant Legare, traveling southbound on I-95, at or near mile marker 101.4, in the left-most lane, in Cecil County, Maryland.

10.     At the same date and time, John Doe 1 was operating a tractor-trailer truck, owned by Defendant JOT, traveling southbound on I-95, at or near mile marker 101.4, in the right adjacent lane to Defendant Legare. At all times relevant hereto, John Doe 1 was the driver of the vehicle owned by Defendant JOT, was acting as the agent, servant, and/or employee of Defendant JOT, and was acting within the course and scope of his agency with Defendant JOT, at the order and direction of Defendant JOT, and was carrying out his/her affairs for the benefit of Defendant JOT.

3

11.     Suddenly and without warning, John Doe 1 negligently: failed to obey traffic laws; disregarded the flow of traffic; failed to control the speed of his/her vehicle to avoid a collision; was following the vehicle in front of him/her too closely; and improperly drove into the left-most lane where Defendant Legare was operating Defendant Greyhound's bus, causing Defendant Legare to drive off of the road, and further causing severe and significant injuries to Plaintiff Stewart as she was violently thrown from her seat.

12.     At all times relevant hereto, John Doe 1 operated Defendant JOT's vehicle in a dangerous and unsafe manner, failed to pay full time and attention to the operation of the vehicle, failed to control the speed of the vehicle to avoid a collision, failed to properly and timely bring vehicle to a stop to avoid a collision, was following the vehicle in front too closely, was driving a vehicle in a careless and imprudent manner endangering property, life, and person, and suddenly and without warning, caused Defendant Legare's vehicle, on which Plaintiff was a passenger, to leave the interstate, causing Plaintiff to be thrown about the interior of the bus, causing severe, significant, and permanent injuries to Plaintiff's person.

13.     At the same time, suddenly and without warning, Defendant Legare negligently: failed to obey traffic laws; disregarded the flow of traffic; failed to control the speed of her vehicle to avoid a collision; and drove the bus off of the interstate causing Plaintiff to be violently thrown from her seat.

14.     At all times relevant hereto, Defendant Legare operated her vehicle in a dangerous and unsafe manner, failed to pay full time and attention to the operation of the vehicle, failed to control the speed of the vehicle to avoid a collision, failed to properly and timely bring vehicle to a stop to avoid a collision, was driving a vehicle in a careless and imprudent manner endangering property, life, and person, and suddenly and without warning, caused the vehicle to leave the

interstate, causing Plaintiff to be thrown about the interior of the bus, causing severe, significant, and permanent injuries to Plaintiff's person.

15. At all times relevant hereto, Defendant Legare was acting as the actual and/or apparent agent, servant, and/or employee of Defendant Greyhound, and was acting within the course and scope of her agency with Defendant Greyhound, at the order and direction of Defendant Greyhound, and was carrying out her affairs for the benefit of Defendant Greyhound.

16.    Plaintiff did not cause nor contribute to the subject collision.

**<u>COUNT I: Negligence</u>**
**(Defendant Just on Time Freight System Inc.)**

17.    Plaintiff Stewart re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

18.    John Doe 1 had a duty to act reasonably and to use due care while operating his/her motor vehicle.  In particular, John Doe 1 had a duty, *inter alia*, to:

    a.   obey all traffic control devices;

    b.   maintain proper and adequate control of his vehicle;

    c.   yield the right of way;

    d.   pay full time and attention to the operation of his vehicle;

    e.   maintain a proper lookout;

    f.   drive cautiously;

    g.   reduce the speed of his vehicle to avoid a collision;

    h.   stop in time in order to avoid a collision;

    i.   avoid following too closely;

    j.   use proper signals to change lanes;

    k.   maintain a single lane of travel;

l.   avoid a collision; and

m.   observe and obey the rules and laws of the State of Maryland.

19.   John Doe 1 breached that duty of care on May 23, 2019.

20.   The May 23, 2019, motor vehicle collision was caused by John Doe 1's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, John Doe 1:

a.   failed to obey all traffic control devices;

b.   failed to maintain proper and adequate control of his vehicle;

c.   failed to yield the right of way;

d.   failed to pay full time and attention to the operation of his vehicle;

e.   failed to maintain a proper lookout;

f.   failed to drive cautiously;

g.   failed to reduce the speed of his vehicle so as to avoid a collision;

h.   failed to stop in time in order to avoid a collision;

i.   followed too closely;

j.   failed to use proper signals to change lanes;

k.   failed to maintain a single lane of travel;

l.   failed to avoid a collision;

m.   failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing;

n.   failed to observe and obey the rules of the State of Maryland; and

o.   was otherwise negligent.

21.     At all times relevant there was in effect in Maryland: MD Transp. Code § 21-310, MD Transp. Code § 21-406, MD Transp. Code § 21-801, MD Transp. Code § 21-604 and MD Transp. Code § 21-901.1.

22.     John Doe 1's conduct as described herein was in violation of the motor vehicle laws of the State of Maryland. Those violations include but are not limited to:

a.  following another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and the traffic of the highway at the time, in violation of MD Transp. Code § 21-310 (a);

b.  failing to yield the right of way which therefore contributes to an accident that results in the death or, as defined in § 20–102(c) of this article, serious bodily injury of another person, in violation of MD Transp. Code § 21-406 (a);

c.  driving a vehicle on a highway at a speed or in a manner so as to endanger the life, limb, or property of Plaintiff, in violation of MD Transp. Code § 21-801(a)-(b);

d.  failing to signal an intent to change lanes, in violation of MD Transp. Code § 21-604;

e.  operating a motor vehicle in wanton or willful disregard for the safety of persons or property; or in a manner that indicates a wanton or willful disregard for the safety of persons or property in violation of MD Transp. Code § 21-901.1 (a) 1,2.

23.     The motor vehicle laws of the State of Maryland were enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Stewart), and John Doe 1 cannot offer an explanation as to the violation of such regulation, further evidencing John Doe 1's negligence.

24.     At all times relevant, including May 23, 2019, John Doe 1 was acting as the agent, servant, employee, and/or contractor of Defendant JOT, and John Doe 1 was carrying out their affairs for the benefit of Defendant JOT.

25.     As the principal for John Doe 1, Defendant JOT is responsible for all of the acts and/or omissions committed by John Doe 1, who was Defendant JOT's actual agent, servant, employee, and/or contractor acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

26.     As a direct and proximate result of the negligent acts and omissions of Defendant JOT's agents, servants, employees, and/or contractors, Plaintiff Stewart sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

27.     As a further direct and proximate result of the negligent acts and omissions of Defendant JOT's agents, servants, employees, and/or contractors, Plaintiff Stewart has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

28.     As a further direct and proximate result of the negligent acts and omissions of Defendant JOT's agents, servants, employees, and/or contractors, Plaintiff Stewart incurred and will continue to incur lost wages and a loss of earnings capacity.

29.     As a further direct and proximate result of the negligent acts and omissions of Defendant JOT's agents, servants, employees, and/or contractors, Plaintiff Stewart suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

30.     As a further direct and proximate result of the negligent acts and omissions of Defendant JOT's agents, servants, employees, and/or contractors, Plaintiff Stewart has been

caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

31.     All of Plaintiff Stewart's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant JOT's agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Stewart and without an opportunity for Plaintiff Stewart to avoid the injury.

WHEREFORE, Plaintiff Charlene Stewart demands judgment against Defendant Just on Time Freight System Inc., jointly and severally, for a Sum in Excess of Seventy-Five Thousand Dollars ($75,000), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT II: Negligence
### (Defendant Shawn Legare and Greyhound Lines Inc.)

32.     Plaintiff Stewart re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

33.     Defendant Legare had a duty to act reasonably and to use due care while operating her motor vehicle.  In particular, Defendant Legare had a duty, *inter alia*, to:

    a.   obey all traffic control devices;

    b.   maintain proper and adequate control of his vehicle;

    c.   yield the right of way;

    d.   pay full time and attention to the operation of his vehicle;

    e.   maintain a proper lookout;

    f.   drive cautiously;

    g.  reduce the speed of his vehicle to avoid a collision;

    h.  maintain a single lane of travel;

    i.  stop in time in order to avoid a collision;

    j.  avoid a collision; and

    k.  observe and obey the rules and laws of the State of Maryland.

34.    Defendant Legare breached that duty of care on May 23, 2019.

35.    The May 23, 2019, motor vehicle collision was caused by Defendant Legare's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Legare:

    a.  failed to obey all traffic control devices;

    b.  failed to maintain proper and adequate control of his vehicle;

    c.  failed to yield the right of way;

    d.  failed to pay full time and attention to the operation of his vehicle;

    e.  failed to maintain a proper lookout;

    f.  failed to drive cautiously;

    g.  failed to reduce the speed of his vehicle so as to avoid a collision;

    h.  failed to stop in time in order to avoid a collision;

    i.  failed to avoid a collision;

    j.  failed to maintain a single lane of travel;

    k.  failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing;

    l.  failed to observe and obey the rules of the State of Maryland; and

    m.  was otherwise negligent.

36.     At all times relevant there was in effect in Maryland: MD Transp. Code § 21-310, MD Transp. Code § 21-406, MD Transp. Code § 21-801, and MD Transp. Code § 21-901.1.

37.     Defendant Legare's conduct as described herein was in violation of the motor vehicle laws of the State of Maryland. Those violations include but are not limited to:

    a.  following another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and the traffic of the highway at the time, in violation of MD Transp. Code § 21-310 (a);

    b.  failing to yield the right of way which therefore contributes to an accident that results in the death or, as defined in § 20–102(c) of this article, serious bodily injury of another person, in violation of MD Transp. Code § 21-406 (a);

    c.  driving a vehicle on a highway at a speed or in a manner so as to endanger the life, limb, or property of Plaintiff, in violation of MD Transp. Code § 21-801(a)-(b);

    d.  operating a motor vehicle in wanton or willful disregard for the safety of persons or property; or in a manner that indicates a wanton or willful disregard for the safety of persons or property in violation of MD Transp. Code § 21-901.1 (a) 1,2.

38.     The motor vehicle laws of the State of Maryland were enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Stewart), and Defendant Legare cannot offer an explanation as to the violation of such regulation, further evidencing Defendant Legare's negligence.

39.     At all times relevant, including May 23, 2019, Defendant Legare was acting as the agent, servant, employee, and/or contractor of Defendant Greyhound, and Defendant Legare was carrying out their affairs for the benefit of Defendant Greyhound.

40.     As the principal for Defendant Legare, Defendant Greyhound is responsible for all of the acts and/or omissions committed by Defendant Legare, who was Defendant Greyhound's actual agent, servant, employee, and/or contractor acting within the course and scope of her actual agency and/or employment under the doctrine of vicarious liability.

41.     As a direct and proximate result of Defendant Legare's negligent acts and omissions, Plaintiff Stewart sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

42.     As a further direct and proximate result of Defendant Legare's negligent acts and omissions, Plaintiff Stewart has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

43.     As a further direct and proximate result of Defendant Legare's negligent acts and omissions, Plaintiff Stewart incurred and will continue to incur lost wages and a loss of earnings capacity.

44.     As a further direct and proximate result of Defendant Legare's negligent acts and omissions, Plaintiff Stewart suffered severe and permanent injuries to her mind and body that limited and will limit her usual activities.

45.     As a further direct and proximate result of Defendant Legare's negligent acts and omissions, Plaintiff Stewart has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

46.     All of Plaintiff Stewart's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Legare and Defendant Greyhound's agents, servants, employees, and/or contractors, and were incurred without contributory negligence or

assumption of the risk on the part of Plaintiff Stewart and without an opportunity for Plaintiff Stewart to avoid the injury.

WHEREFORE, Plaintiff Charlene Stewart demands judgment against Defendant Shawn Legare and Greyhound Lines Inc., jointly and severally, for a Sum in Excess of Seventy-Five Thousand Dollars ($75,000), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:  **/s/ John J. Yannone**
      John J. Yannone, Esq. (CPF# 870610430)
      Arren T. Waldrep, Esq. (CPF# 1106150278)
      Nicholas J.N. Stamatis, Esq. (CPF# 1912180167)
      409 7th Street, NW, Suite 200
      Washington, D.C. 20004
      John@Pricebenowitzlaw.com
      Arren@Pricebenowitzlaw.com
      Nstamatis@pricebenowitzlaw.com
      (202) 417-6000
      (301) 244-6659 (f)
      *Attorneys for Plaintiff*

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial by jury.

**/s/ John J. Yannone**
      John J. Yannone, Esq.

## **RULE 1-313 CERTIFICATE**

I certify that I am admitted to the practice of law in the State of Maryland, that my

Maryland bar status is current and active, and that my District of Columbia office is located at

the address listed above.

| | |
|---|---|
| __05/19/2022 | __**/s/ John J. Yannone**_____ |
| Date | John J. Yannone, Esq. |
| | |
| __05/19/2022 | __**/s/ Arren T. Waldrep**_____ |
| Date | Arren T. Waldrep, Esq. |
| | |
| __05/19/2022 | __**/s/ Nicholas J.N. Stamatis**___ |
| Date | Nicholas J.N. Stamatis, Esq. |